NUMBER 13-98-660-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JOHNNY SINGLETARY
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 130th District Court


of Matagorda County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez, and Rodriguez


Opinion by Justice Dorsey


 A jury found appellant, Johnny Singletary, guilty of murder. After
finding one enhancement allegation to be true they assessed his
punishment at life in prison, plus a $10,000 fine. Appellant appeals by
eight points of error. We affirm.

I. Facts


 Because appellant does not challenge the sufficiency of the
evidence to support his conviction only a brief recitation of the facts is
necessary. On June 2, 1997, Bernard "Scottie" Wilbanks went to pick
up Tina McCormick at T.K.'s restaurant in Bay City, Texas. Wilbanks
failed to pick her up, and she never saw him alive after that day. About
six days later appellant gave a written confession to the police in which
he stated that he had seen Wilbanks backing out of Tina's driveway. 
He asked Wilbanks for a ride, and he agreed to give him one. When
they reached Billups, Wilbanks asked appellant to get out of the car. 
Appellant refused, and Wilbanks drove to Wilbanks' home. When
Wilbanks got out of his car appellant hit him in the head with an ax,
killing him.

II. Character Evidence


 By point one appellant asserts that the trial court erred by refusing
to allow Tina McCormick to testify before the jury that Bernard Wilbanks
had been convicted of "child molesting" as rebuttal to the inference that
he was a "good guy." During the guilt/innocence phase defense
counsel asked Tina on cross-examination, "The fact of the matter is, Mr.
Wilbanks was a good guy, right?" She answered, "Right." After further
cross-examination counsel, outside the jury's presence, made a bill of
exceptions in which Tina testified that Wilbanks had told her that he
had been convicted of "child molesting." Upon the State's objection the
trial court did not allow the jury to hear that testimony.

 On redirect examination the State's attorney asked Tina, "[W]ould
you think it would be unusual if Scottie [Wilbanks] picked somebody up
in his car and gave them a ride?" She replied, "Scottie was a good
person. If somebody was . . . walking or something, he would pick
them up. . . ." When the State passed the witness defense counsel
informed the trial court that the State's attorney put Wilbanks' character
at issue by asking Tina the aforementioned question. The trial court
denied counsel's request to question Tina in the jury's presence about
Wilbanks' conviction for child molestation.

 Appellant argues on appeal that the State improperly introduced
evidence of the victim's character, and therefore, the trial court should
have allowed the jury to hear Tina's testimony about Wilbanks'
conviction. We disagree. In Armstrong v. State, 718 S.W.2d 686, 695
(Tex. Crim. App. 1985) the victim's widow testified that the deceased
was a peaceable man. The court held that it was error for the State to
introduce the issue of the victim's character, stating, "It is never
competent for the State in the first instance to prove that the person
slain was peaceable and inoffensive." Id. See Matchett v. State, 941
S.W.2d 922, 931 (Tex. Crim. App. 1996) (quoting the Armstrong
Court's holding). In the instant case the State did not put Wilbanks'
character in issue. Tina's testimony that Wilbanks was a "good guy"
came during cross-examination. Further Tina's testimony cannot be
described as character evidence within the meaning of Armstrong. Tina
did not testify that Wilbanks was peaceable and inoffensive; rather, she
testified that he was a "good person," in response to the State's
question relating to whether it was unusual for him to give someone a
ride. Appellant's confession showed that Wilbanks had given him a ride
just prior to the time that appellant had killed him. The State had a
legitimate reason for asking the question in order to determine whether
Wilbanks' decision to give appellant a ride was a normal part of his
behavior and thus corroborate the confession. We hold that the trial
court did not err in excluding Tina's testimony from the jury. We
overrule point one.

III. Written Confession


 By point four appellant asserts that the trial court erred by
admitting into evidence State's Exhibit 41, his written confession,
because it concerned an extraneous offense. At the punishment phase
the State presented evidence to show that appellant had murdered
Linda Lowenhaupt a few days after he had murdered Wilbanks. During
the punishment phase Officer Andrew Lewis testified that he had
investigated Lowenhaupt's murder and that appellant had given him
two written statements in which he confessed to her murder. When
the State offered appellant's second written statement into evidence,
Exhibit 41, counsel did not object on the basis that the statement
contained an extraneous offense. Because counsel did not make this
objection to the admissibility of Exhibit 41 error is not preserved, and
the complaint is waived. Tex. R. App. P. 33.1(a); Penry v. State, 903
S.W.2d 715, 741 (Tex. Crim. App. 1995). Even if counsel had preserved
error article 37.07, section 3(a) of the Texas Code of Criminal Procedure
permits the State to introduce evidence of extraneous offenses at the
punishment phase as part of "any matter the court deems relevant to
sentencing, including but not limited to . . . any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt
by evidence to have been committed by the defendant. . . ." Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2000). This
confession served to prove that appellant had committed Lowenhaupt's
murder beyond a reasonable doubt. We hold that the trial court did not
err by admitting Exhibit 41 into evidence. We overrule point four.

IV. Photographs


 By point two appellant asserts that the trial court erred by
admitting into evidence State's Exhibits 48 and 49, photos of injuries to
Linda Lowenhaupt. During the punishment phase Dr. Parungao, the
medical examiner testified that he had performed Lowenhaupt's
autopsy. When the State offered into evidence Exhibits 48 and 49
counsel objected that they were irrelevant, and if relevant, their
prejudicial effect outweighed their probative value. The court overruled
the objection and admitted the photos. Dr. Parungao testified that
Exhibit 48 showed abrasions to Lowenhaupt's nose and a laceration on
the left side of her head and also on her forehead. He stated that
Exhibit 49 showed a laceration to her forehead and bruises to her lips
and eyes.

 Rule 403 of the Texas Rules of Criminal Evidence provides that
although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury. Sonnier v. State, 913 S.W.2d 511,
518 (Tex. Crim. App. 1995). Ultimately the admissibility of photographs
over any challenge is within the sound discretion of the trial judge. Id. 
Generally a photograph is admissible if verbal testimony about matters
depicted in the photographs is also admissible. Williams v. State, 958
S.W.2d 186, 195 (Tex. Crim. App. 1997). Photographs provide visual
evidence of the offense, and the trial court does not abuse its discretion
by admitting photographs of the victim into evidence merely because
they are gruesome. See Sonnier, 913 S.W.2d at 519.

 In the instant case the evidence showed that appellant had
murdered Lowenhaupt by hitting her on the head with a stick. The
photos were relevant to show the manner and means of her death. The
record does not show that the State tried to inflame, confuse, or
mislead the jury in its presentation of the photos. Therefore their
prejudicial effect does not outweigh their probative value. We hold that
the court did not abuse its discretion in admitting Exhibits 48 and 49
into evidence. We overrule point two.

 By points three, five, six, and seven appellant asserts that the trial
court erred when it admitted crime-scene photos and a photo of
Lowenhaupt's body. During the punishment phase Officer Lewis said
that the police had found Lowenhaupt's body inside a parked vehicle. 
When the State offered Exhibits 44-47 into evidence counsel objected
that they were irrelevant, and if relevant, their prejudicial effect
outweighed their probative value. The court admitted the photos into
evidence. Lewis identified Exhibits 44 and 45 as photos of the vehicle's
left, rear seat and door panel. There is some blood on the seat and
panel. He identified Exhibit 46 as a photo of Lowenhaupt's body in the
vehicle's rear seat, the position in which the police had found her. The
photo does show some blood on her face and arms. These photos are
relevant because they show the reality of the crime scene. See Sonnier,
913 S.W.2d at 513. Lewis identified Exhibit 47 as a photo that an I.D.
officer took of Lowenhaupt's corpse at a funeral home. The photo is
relevant to show the victim's identity, an element which the State had
to prove in order to meet the burden of proof required in article 37.07,
section 3(a). These photos are not cumulative, and the record does not
show that the State tried to inflame, confuse, or mislead the jury in its
presentation of the photos. Therefore their prejudicial effect does not
outweigh their probative value. We hold that the court did not abuse
its discretion in admitting Exhibits 44-47 in evidence. We overrule
points three, five, six, and seven.

V. Prior Conviction


 By point eight appellant asserts that the trial court erred by
admitting evidence of a prior conviction for robbery because there is no
valid indictment or information to support the judgment. Appellant had
pleaded guilty to robbery. In the instant case the State used the
robbery conviction for punishment purposes and as an enhancement to
the indictment. The complained-of information stated that appellant
"while in the course of committing theft of property and with intent to
obtain and maintain control of said property, caused bodily injury to
Silverio Rodriguez by beating him in the fact with his fist. . . ." 
Appellant argues that his robbery conviction cannot stand because the
information contained a typographical error stating that he had beaten
his victim in "the fact," rather than in the face.

 Article 1.14(b) of the Texas Code of Criminal Procedure provides:

 [i]f the defendant does not object to a defect, error or
irregularity of form or substance in an indictment or
information before the date on which the trial on the merits
commences, he waives and forfeits the right to object to the
defect, error, or irregularity and he may not raise the
objection on appeal or in any other post conviction
proceeding.


Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon Supp. 2000) (emphasis
added). The record does not show that appellant objected to this defect
prior to pleading guilty to the robbery charge. Therefore he has waived
the right to object to this defect at this time. See Studer v. State, 799
S.W.2d 263, 268 (Tex. Crim. App. 1990) (article 1.14(b) prevents
accused from being able to "lay behind the log" when charging
instrument is defective and then overturn the conviction on appeal). We
hold that the court did not err by admitting evidence of his prior
conviction. We overrule point eight.

 We AFFIRM the trial court's judgment. 


 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 13th day of July, 2000.